UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Auzio Hewlett, | Case No. 18-cv-2293 (WMW/LIB) |
| Petitioner, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| Warden, | |
| Respondent. | |

This matter is before the Court on the April 30, 2019 Report and Recommendation (R&R) of United States Magistrate Judge Leo I. Brisbois. (Dkt. 16.) The R&R recommends denying Petitioner Auzio Hewlett's petition for a writ of habeas corpus and dismissing the case with prejudice. Hewlett filed objections to the R&R and Respondent Warden of FMC Rochester responded. For the reasons addressed below, the Court overrules Hewlett's objections and adopts the R&R.

## BACKGROUND

In November 2017, FMC Rochester inmate Auzio Hewlett attempted to send a text message through a third-party forwarding service to a phone number that was not on his approved phone list. Prison officials initiated an investigation and conducted two subsequent hearings. The officials determined that Hewlett committed a Code 296 violation, "Use of Mail for Abuses Other than Criminal Activity." The prison officials sanctioned Hewlett with 14 days of lost good-conduct time and 60 days of lost email privileges.

Hewlett filed a petition for a writ of habeas corpus on August 6, 2018, challenging his loss of good-conduct time as unconstitutional. Hewlett asserts that (1) the investigative officer was the same as the reporting officer, (2) there was insufficient evidence to support the prison officials' findings, and (3) the sanctions were excessive. Magistrate Judge Brisbois issued an R&R concluding that the investigative officer and the reporting officer were not the same individual, there was sufficient evidence to support the prison officials' determination, and the sanctions imposed were within the range contemplated by federal regulations. Accordingly, the R&R recommends denying Hewlett's petition. Objections and a response were timely filed.

## ANALYSIS

When timely objections are filed, as they were here, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *accord* Fed. R. Civ. P. 72(b)(3); LR 72.2(b)(3). Because Hewlett is proceeding pro se, the Court liberally construes his objections. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Hewlett objects to the R&R's conclusion that there was sufficient evidence to support the prison officials' determination that Hewlett violated Code 296. When prison action results in an inmate's loss of good-conduct time, due process requires that there be "some evidence" to support the prison's decision. *Superintendent, Mass. Corr. Inst., Wapole v. Hill*, 472 U.S. 445, 455 (1985). The "some evidence" standard is satisfied when there is "any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455-56. When applying this standard, a reviewing court need

not examine the entire record, independently assess the credibility of witnesses, or weigh the evidence. *Id.* at 455.

The record indicates that Hewlett used a third-party messaging service in an attempt to send a message to "5133227566." This number is not included on Hewlett's approved phone list.[1] FMC Rochester has several policies prohibiting such action. Most notably, FMC Rochester prohibits the use of third-party forwarding services and circulated a memorandum to that effect dated September 28, 2016, and recirculated that memorandum on July 27, 2017. As such, there is at least some evidence in the record that Hewlett improperly used the mail system. Accordingly, this objection is overruled.

Liberally construing Hewlett's filing, Hewlett makes two other objections. First, Hewlett contends that Code 296 applies only to paper correspondence. Nothing in Code 296 supports such a narrow interpretation, however. *See* 28 C.F.R. 541.3. Second, Hewlett objects to the R&R's conclusion that the requirements of due process were satisfied, arguing that he did not receive advance notice that his actions were prohibited. But the record establishes that inmates were on notice of a policy prohibiting third-party messaging systems and a policy requiring messages to be sent to approved contacts. For these reasons, the remainder of Hewlett's objections are overruled.

Hewlett does not object to any other aspect of the R&R. Therefore, the Court reviews the remaining portions of the R&R for clear error. *See* Fed. R. Civ. P. 72(b)

---

[1] The number that Hewlett sent the message to, "5133227566," was the number that the third-party forwarding service assigned *to Hewlett*. It appears that Hewlett sent a message to his own number.

3

advisory committee's note to 1983 amendment; *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam). Having conducted its review of those parts of the R&R to which Hewlett does not object, the Court finds no clear error.

## ORDER

Based on the R&R, the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Petitioner Auzio Hewlett's objections to the R&R, (Dkt. 18), are **OVERRULED**.

2. The April 30, 2019 R&R, (Dkt. 16), is **ADOPTED**.

3. Petitioner Auzio Hewlett's petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, is **DENIED**.

4. This matter is **DISMISSED WITH PREJUDICE**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 5, 2019    s/Wilhelmina M. Wright
       Wilhelmina M. Wright
       United States District Judge